CALVERT MORTGAGE COMPANY v. PURVIS et al.

An equitable petition by the holder of a security deed against the maker thereof, who resides in the county where the property covered by the deed is located, and against a third person residing in another county wherein the petition is filed, alleging that the grantor in the deed has conveyed to the third person the property therein described, and that they are making the contention that the deed is void because infected with usury, the plaintiff praying that a receiver be appointed to take

possession of the property, to sell it and pay into court a sufficiency of the proceeds to cover the debt, and to perform certain other acts as receiver, and further praying that the third person referred to be restrained and enjoined from selling or disposing in any way of the property, is not demurrable on the ground that the superior court of the county of the residence of the third person is without jurisdiction, because no substantial relief is prayed against him.

No. 771. NOVEMBER 16, 1918.

Equitable petition. Before Judge Crum. Ben Hill superior court. November 30, 1917.

T. L. Purvis, a resident of Irwin County, Georgia, executed and delivered to the Calvert Mortgage Company a deed to secure a debt, conveying certain real estate in Early County, which was duly recorded. Certain of the notes to secure the payment of which the deed was executed remained unpaid, and the Calvert Mortgage Company filed its equitable petition to the superior court of Ben Hill County, against Purvis and against J. C. Brewer, a resident of Ben Hill County. In the petition it is alleged, that, subsequently to the execution of the security deed, Purvis executed and delivered to Brewer a deed to the same property, and made no reference in the latter deed to the prior security deed; that Purvis conveyed the property to Brewer for the purpose and with the intention of defeating petitioner in the collection of the unpaid notes, and Brewer knew of said purpose at the time of taking the conveyance; that both he and Purvis are making the contention that petitioner's title is infected with usury, and therefore void; that the insurance upon the property has expired, and as Purvis has sold all of his equitable interest in the property, neither he nor petitioner can procure insurance in order to protect petitioner's interest in the property; that if petitioner should sue on the notes to judgment and file and have recorded a quitclaim deed for levy and sale, bidders would be deterred by reason of the fact that Brewer holds apparent title; that Brewer is in possession of the property, and unless he should file a claim there would be no way, before the sale, to determine his interest or to have his title adjudicated to be inferior to that held by petitioner; that Brewer could transfer such property to other persons, unless enjoined by the court, etc. Among other things it is prayed that a receiver be appointed to take possession of the property, and be authorized to insure it; that petitioner have judgment upon the notes against Purvis; that Brewer be enjoined from mortgaging, disposing of,

or changing the present status of the title to the property; that the property be sold by the receiver, and the proceeds of the sale be applied to the payment of the indebtedness now due; and that a sufficient amount be held by the court to pay the notes not due, as they mature. The defendants demurred to the petition, upon the ground, among others, that the superior court of Ben Hill County is without jurisdiction, as no substantial relief is prayed against Brewer, the only defendant named who resides in said county. This ground was sustained; the other grounds of demurrer were not passed on. The plaintiff excepted.

*Eldridge Cutts* and *McDonald & Bennett,* for plaintiff.

*Quincey & Rice,* for defendants.

BECK, P. J. (After stating the facts.) We are of the opinion that the court erred in sustaining the demurrer based upon the ground that the petitioner did not pray for substantial relief against the defendant Brewer. The petitioner, in effect, seeks to have a decree adjudging that his title is not void as against Brewer, and an injunction restraining Brewer from selling or disposing in any way of the property in question. This relief affects Brewer's right and title to the property adversely to him, if the plaintiff's contentions are sustained; and it is sought to dispossess Brewer, if he should be in possession, and have the property sold by a receiver, instead of in the usual way where the holder of a security deed sues the debt to judgment and files a quitclaim deed, as provided by the statute. Consequently the court erred in sustaining the demurrer based upon the ground stated.

*Judgment reversed. All the Justices concur.*